**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 15-2466

UNITED STATES OF AMERICA,

Appellee,

v.

CHRISTIAN RAMOS DIAZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Kayatta, Circuit Judges.

Juan A. Albino Gonzalez and Albino & Assoc. Law Office, PC on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

August 14, 2017

LIPEZ, **Circuit Judge**.  After he was captured by Puerto Rico police with an automatic weapon in his possession, Christian Ramos Diaz ("Ramos") pled guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).  He was sentenced to 48 months of imprisonment, a sentence that he claims is substantively unreasonable because it is longer than the 30-month sentence received by his co-defendant.  Finding no error in his sentence, we affirm.

## I.

On April 7, 2015, Puerto Rico Police Department agents entering the El Prado Public Housing Project in Río Piedras, San Juan observed Ramos, co-defendant Iván Daniel González Ortiz ("González"), and another individual standing next to a motorcycle.  When one of the agents saw González pull a firearm from his waistband, the agents approached the group and identified themselves as police officers.  Ramos and González hopped onto the motorcycle and fled, with Ramos driving.  The agents pursued them.  When they reached an area at the end of the housing project, González dismounted from the motorcycle and threw his firearm and a gun magazine over a fence into the backyard of an adjacent residence.  He then returned to the motorcycle, where Ramos handed him another firearm and another gun magazine.  González threw the second gun and gun magazine over the fence, and then jumped over the fence himself and ran toward the residence.  Ramos continued

- 2 -

to flee on the motorcycle toward an apartment in the housing project, where the police found and arrested him.

The firearms, both Glock pistols, were recovered and found to be machineguns, capable of firing more than one shot with a single press of the trigger. González's gun contained 21 rounds of ammunition, while Ramos's contained 19 rounds, and each gun magazine contained an additional 15 rounds. During an interview after his arrest, Ramos stated that he was a habitual user of marijuana, smoking it seven to eight times per day.

Ramos was charged with one count of possession of a firearm by a prohibited person -- an unlawful user of a controlled substance -- in violation of 18 U.S.C. § 922(g)(3). In the same indictment González was charged with illegal possession of a machinegun, in violation of 18 U.S.C. § 922(o). Both men pled guilty to their respective charges. González, who had no criminal record, was sentenced to 30 months of imprisonment. Ramos, who had several prior juvenile convictions, entered into a plea agreement with the government recommending a sentence equal to the low end of the applicable Guidelines sentencing range ("GSR"). Ramos was sentenced to 48 months, a variance of 15 months over the upper bound of the applicable GSR. This appeal followed.[1]

---

[1] Although Ramos's plea agreement contained an appeal waiver, the waiver was conditioned on Ramos being sentenced in accordance with the parties' sentencing recommendation. Because the district court did not adopt that recommendation, both parties agree that

We review the district court's sentencing decision for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007).

Ramos challenges the substantive reasonableness of his sentence, arguing that, by imposing a longer sentence on him than on his co-defendant, the district court failed "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[2] 18 U.S.C. § 3553(a)(6). Given Ramos's criminal history, however, the district court found that Ramos and González were not similarly situated, and therefore § 3553(a)(6) did not apply. Indeed, it is well established in this circuit that differences in criminal history can justify sentencing co-defendants differently. See United States v. Ortiz-Islas, 829 F.3d 19, 29 (1st Cir. 2016).

Ramos responds that, notwithstanding his criminal history, at the end of the day he and González are similarly

---

the waiver does not bar this appeal. See United States v. Fernández-Cabrera, 625 F.3d 48, 51 (1st Cir. 2010) ("When the district court chose not to follow the parties' joint sentencing recommendation, the waiver-of-appeal provision, as framed, was relegated to the scrap heap.").

[2] Although Ramos's brief hints at a challenge to the procedural reasonableness of his sentence, he makes no developed argument on that point and hence it is waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

situated, but for different reasons. Focusing on his offense conduct and that of his co-defendant, Ramos asserts that because González threw both men's guns and ammunition over the fence, González's offense conduct was worse than his. Thus, Ramos claims, his lesser offense conduct balances out his greater criminal history, and therefore he should have received the same sentence as González.[3]

The district court rejected this argument at the sentencing hearing, finding no meaningful difference between the defendants' offense conduct. The court pointed out that, although González threw the guns over the fence, Ramos had passed one of the guns to González before González threw them. Moreover, the court noted, Ramos was "the one in charge of driving the vehicle that they used to flee," and González threw Ramos's gun over the fence because Ramos could not "at the same time start throwing things over a fence while driving a motorcycle." Sensibly, the district court did not, therefore, credit Ramos's argument that his offense conduct was less serious than the conduct of his co-defendant. Accordingly, after considering Ramos's greater

---

[3] In support, Ramos cites United States v. Reyes-Santiago, a case in which we found an unwarranted disparity under § 3553(a)(6) between the sentence of the defendant and those of his co-defendants. See 804 F.3d 453, 472-73 (1st Cir. 2015). That case, however, is readily distinguishable, given that it involved a Sentencing Guidelines factor -- drug quantity -- that was applicable to all of the defendants and was applied uniquely harshly to the appellant. Id. at 468.

criminal history and equivalent conduct, the court found it appropriate to impose a longer sentence on Ramos than on González. The court acted well within its discretion in reaching that conclusion.

<u>Affirmed</u>.